FILED
2016 JUN 13  PM 4: 38
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JAMES W. MYART, JR, | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| v. | ) No. SA16CA0455 (Ezra) |
| | ) |
| IVY TAYLOR, MAYOR, CITY OF | ) |
| SAN ANTONIO, IN HER OFFICIAL | ) |
| AND INDIVIDUAL CAPACITY, | ) |
| et al. | ) |
| | ) |

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT.

**TO THE HONORABLE US DISTRICT JUDGE EZRA:**

Comes Now Plaintiff James W. Myart (hereinafter referred to as "Plaintiff Myart" or "Myart") and files this Motion for Leave to File the Second Amended Complaint and would show upon the Court the following:

1. Plaintiff Myart endeavors to file his Second Amended Complaint for the purposes of adding Mayor Ivy Taylor[1] in her individual capacity for the reasons more fully delineated in the Second Amended Complaint; same being attached hereto as if fully stated here verbatim.

---

[1] Plaintiff advises the Court that as discovery proceeds it may be necessary to file a Third Amended Complaint.

2. Plaintiff Myart endeavors to correct the two (2) defects in the First Amended Complaint as identified by the Court in Docket # 9, **ORDER: (1) DENYING MOTION FOR EMERGENCY HEARING; (2) DENYING MOTIONNTONORDER THE CASE TO MEDIATION** at Footnotes 1 and 2.

3. As it relates to Footnote 1, Myart has re-numbered the paragraphs consecutively so as not to confuse the parties and the Court.

4. As it relates to Footnote 2, Myart has more fully describes the illegal and unconstitutional actions of the law enforcement officers who visited upon him outrageous excessive force casing Myart permanent physical and emotional damage, all to his detriment.

5. Moreover, Myart delineates in detail how Defendants Taylor, Sculley, McManus and Sepeda acted with such callous disregard to generally accepted policies and procedures of the use of force by law enforcement agencies throughout the country, such unconscionable conduct creating a custom, practice and policy of uncontrolled use of force for the purpose of punishment of detainees rather than for legitimate law enforcement reasons.

## ARGUMENT AND AUTHORITIES

6. Pursuant to local rules of this Court, a Plaintiff must file a motion for Leave to answered herein. The individual Defendants have not yet answered.

7. Myart may amend his complaint only by leave of Court. Although leave to amend pleadings "shall be freely given when justice so requires," FED. R. CIV. P. 15(a)(2), leave to amend is not automatic, Avatar Exploration, Inc. v. Chevron, U.S.A., Inc., 933 F.2d 314, 320 (5th Cir. 1991).

8. The decision to grant or deny a motion to amend is within the discretion of the trial court. Id. In exercising its discretion, the court considers such factors as 1) undue delay, 2) bad faith or dilatory motive on the part of the movant, 3) repeated failure to cure deficiencies by amendments previously allowed, 4) undue prejudice to the nonmovant, and 5) futility of

amendment. Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)).

9. Rule 15 also allows for the addition of new plaintiffs. See Dayton Indep. Sch. Dist. v. U.S. Mineral Products Co., 906 F.2d 1059, 1062 (5th Cir. 1990); In re Norplant Contraceptive Products Liab. Litig., 898 F. Supp. 429, 432 (E.D. Tex. 1995).

10. A proposed amendment to a complaint is futile if the amended complaint could not survive a Rule 12(b)(6) motion to dismiss. FED. R. CIV. P. 15(a)(2); Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n, 751 F.3d 368, 378 (5th Cir. 2014); Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000) (collecting cases). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to the relief." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. Fernandez–Montez v. Allied Pilots Assoc., 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

11. A complaint filed pro se is 'to be liberally construed' . . . and 'a pro se complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (quotingEstelle v. Gamble, 429 U.S. 97, 105, 97 S. Ct. 285 (1976)). It should be noted, however, in this case Myart is a law school graduate.

12. Here, Plaintiff Myart's proposed Second amended complaint mostly clarifies facts and causes of action asserted against the Defendants bringing the complaint more in line with the federal pleading standards.

13. Wherefore premises considered, Plaintiff Myart respectfully seeks and order from the Court granting the Motion for Leave to file his Second Amended Complaint and for all other relief to which he may show himself entitled.

Humbly submitted,

*[signature]*

James W. Myart, Jr., Pro Se
411 Barrera, Suite 415
San Antonio, Texas 78210
830-469-5155
Myart_james@yahoo.com

**CERTICICATE OF CONFERENCE**

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| JAMES W. MYART, JR, | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| v. | ) No. SA16CA0455 (Ezra) |
| | ) |
| IVY TAYLOR, MAYOR, CITY OF | ) |
| SAN ANTONIO, IN HER OFFICIAL | ) |
| AND INDIVIDUAL CAPACITY, | ) |
| et al. | ) |

**PROPOSED ORDER**

The Court is of the opinion that the Motion to Amend to File Plaintiff's Second Amended Motion should be GRANTED.

The clerk is instructed to file the Second Amended Complaint in the record of this case.


**SO ORDERED**



_____

**United States District Judge**