UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES W. MYART, JR., | § | No. SA:16–CV–455–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| IVY TAYOR, individually and in her official capacity as Mayor of the City of San Antonio, SHERYL SCULLEY, individually and in her official capacity as City Manager of the City of San Antonio, WILLIAM McMANUS, individually and in his official capacity, MARTHA ZEPEDA, individually and in her official capacity as city attorney, OFFICERS RYAN McFARLAND, ADAM STALKER, MICHAEL BAGGETT, GILBERT GONZALEZ, ASHLEA BRUSTER, and GEORGE MORALES, individually and in their official capacity, and THE CITY OF SAN ANTONIO, | § | |
| | § | |
| Defendants. | § | |

ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT

On June 13, 2016, Plaintiff James W. Myart, Jr. filed a Motion seeking Leave to File his Second Amended Complaint against all Defendants. (Dkt. # 15.)  Federal Rule of Civil Procedure 15 allows a party to "amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The policy of the Federal Rules is to permit liberal

amendment." Carroll v. Fort James Corp., 470 F.3d 1171, 1174 (5th Cir. 2006) (quoting Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597–98 (5th Cir. 1981)). Accordingly, when determining whether to grant leave to amend pleadings, a court should only deny leave if there exist "such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Matter of Southmark Corp., 88 F.3d 311, 314–15 (5th Cir. 1996).

Here, Plaintiff complied with Federal Rule 15 and sought leave of the Court to file his Second Amended Complaint. (Dkt. # 15.) The Court has reviewed the proposed Second Amended Complaint, and finds that it addresses deficiencies in certain claims alleged in the First Amended Complaint (Dkt. # 5), and adds Ivy Taylor as a defendant in her individual capacity,[1] but does not further add new defendants or allege any additional causes of action. (See Dkt. # 15-1.) There is no indication that the Second Amended Complaint was filed in bad faith or for purposes of undue delay. Accordingly, Plaintiff's Motion for Leave to File his Second Amended Complaint is hereby **GRANTED** (Dkt. # 15).

However, the Court notes that this will be Plaintiff's third complaint filed in this case in less than one month (see Dkts. ## 5, 10), and such liberal leave

---

[1] The First Amended Complaint alleges claims against Ms. Taylor in her official capacity only. (Dkt. # 5.)

to amend will not be extended to Plaintiff, should he attempt to file a third amended complaint.

Due to the filing of Plaintiff's Second Amended Complaint, Defendant City of San Antonio's (the "City") Amended Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) is hereby **DISMISSED AS MOOT**, as it refers to a complaint that is no longer live. (Dkt. # 12.) The City's Answer, insofar as it is also a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), is also **DISMISSED AS MOOT** (Dkt. # 13).[2]

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, June 16, 2016.

David Alan Ezra
Senior United States Distict Judge

---

[2] The City is advised, should it desire to file an amended 12(b)(6) motion, to file it as a docket entry separate from its answer.