UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES W. MYART, JR., | § § § | No. 5:16–CV–455–DAE |
| Plaintiff, | § § | |
| vs. | § § § | |
| IVY TAYLOR, in her official capacity as Mayor of the City of San Antonio, SHERYL SCULLEY, individually and in her official capacity as City Manager of the City of San Antonio, WILLIAM McMANUS, individually and in his official capacity as Chief of Police, MARTHA ZEPEDA, individually and in her official capacity as city attorney, OFFICERS RYAN McFARLAND, ADAM STALKER, MICHAEL BAGGETT, GILBERT GONZALEZ, ASHLEA BRUSTER, and GEORGE MORALES, individually and in their official capacity, and THE CITY OF SAN ANTONIO, | § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |
| JAMES W. MYART, JR., | § § § | No. 5:16–CV–736–DAE |
| Plaintiff, | § § § | |
| vs. | § § | |
| IVY TAYLOR, individually and in her official capacity as Mayor of the City of San Antonio, SHERYL SCULLEY, | § § § | |

individually and in her official § \
capacity as City Manager of the City §  \
of San Antonio, ERIC WALSH, § \
individually and in his official § \
capacity as Deputy City Manager, § \
WILLIAM McMANUS, individually § \
and in his official capacity as Chief of § \
Police, TROY ELLIOTT, individually § \
and in his official capacity as Finance § \
Director, OFFICERS CHARLES § \
McCATHERY and ART GARCIA § \
individually and in their official § \
capacity, NIX HOSPITAL, § \
PROSPECT MEDICAL HOLDING § \
GROUP, and P. QUARDINIO, § \
§ \
Defendants. §

JAMES W. MYART, JR., §           No. 5:16–CV–819–DAE \
§ \
Plaintiff, § \
§ \
vs. § \
§ \
IVY TAYLOR, individually and in her § \
official capacity as Mayor of the City § \
of San Antonio, SHERYL SCULLEY, § \
individually and in her official § \
capacity as City Manager of the City § \
of San Antonio, WILLIAM § \
McMANUS, individually and in his § \
official capacity as Chief of Police, § \
DEBRA OJO, individually and in her § \
official capacity as Assistant Finance § \
Director, OFFICERS R. MOYNIHAN § \
and M. MELTON, individually and in § \
their official capacities, ARMANDO § \
GONZALEZ, individually and in his § \
official capacity, and PAUL TOVAR, §

| | |
|---|---|
| individually and in his official capacity, | § § § |
| Defendants. | |

| | | |
|---|---|---|
| JAMES W. MYART, JR. | § § | No. 5:16–CV–824–DAE |
| Plaintiff, | § § | |
| vs. | § § § | |
| IVY TAYLOR, individually and in her official capacity as Mayor of the City of San Antonio, SHERYL SCULLEY, individually and in her official capacity as City Manager of the City of San Antonio, WILLIAM McMANUS, individually and in his official capacity as Chief of Police, and OFFICERS JOHN DOE 1–6, individually and in their official capacity, | § § § § § § § § § § § § § | |
| Defendants. | § | |

## ORDER CONSOLIDATING ACTIONS

On May 18, 2016, Plaintiff James W. Myart, Jr. filed suit against various Defendants affiliated with the City of San Antonio, alleging that he was subject to three separate instances of police brutality between February 1, 2015, and April 26, 2016. ("Suit 1," 5:16–cv–455, Dkt. # 17.) Plaintiff claims he was beaten by police officers and refused medical care in the San Antonio Office of the

Magistrate subsequent to his arrest on February 1, 2015 for two outstanding traffic violations. (Id. ¶ 28.) Second, Plaintiff alleges he had an incident with Officer George Morales while Plaintiff was jaywalking across a freeway on March 25, 2016 – specifically, that Officer Morales was speeding and hit Myart.[1] (Id. ¶ 29.) Mr. Myart alleges that another, unnamed officer, wrote a "slanted report" of the incident to protect Morales. (Id. ¶ 30.) Finally, Plaintiff alleges that on April 26, 2016, he was beaten by seven detention guards in the San Antonio Office of the Magistrate Detention Center. (Id. ¶¶ 31–37.) Mr. Myart alleges that he suffered severe injuries as a result, in part because the incident caused the stitches from his March 25 incident with Officer Morales to be ripped out. (Id. ¶ 36.)

On July 20, 2016, Mr. Myart brought a second lawsuit against various Defendants affiliated with the City of San Antonio, alleging he was subject to a fourth incident involving police misconduct. ("Suit 2," 5–16–cv–736, Dkt. # 10.) Specifically, Mr. Myart alleges that he was falsely arrested on June 29, 2016, and taken to the Nix Hospital for Emergency Detention, where he was subsequently assaulted and beaten in his emergency room by an officer of Nix Hospital. (Id. ¶¶ 14–18.) Plaintiff believes the incident was an act of retaliation for Mr. Myart's first lawsuit against various city officials. (Id. ¶ 20.)

---

[1] On August 20, 2016, Mr. Myart moved to voluntarily dismiss his claims against Mr. Morales. (Dkt. # 40.) This motion will be addressed by separate order.

On August 17, 2016, Mr. Myart brought a third lawsuit against various Defendants affiliated with the City of San Antonio. ("Suit 3," 5:16–cv–819, Dkt. # 3.) This suit alleges with greater specificity the events which occurred at Nix Hospital; it also details the City of San Antonio's rapid denial of the complaint Mr. Myart filed with the City's Risk Management Division. (Id. ¶¶ 24–43.) The suit also alleges that the officials of the City of San Antonio are acting in concert to deny Mr. Myart of his constitutional rights. (Id. ¶ 44.)

On August 19, 2016, Mr. Myart brought a fourth lawsuit against various Defendants affiliated with the City of San Antonio, alleging he was subject to a fifth incident of police misconduct. ("Suit 4," 5:16–cv–824, Dkt. # 1-1.) Mr. Myart alleges he was wrongfully knocked to the ground and handcuffed for being a pedestrian in the roadway, was roughly arrested by six unknown police officers, and was subject to public ridicule before being taken to the Office of the Magistrate, which ultimately released him. (Id. ¶¶ 20–27.) Mr. Myart again alleges that the Defendants are acting in concert to deny his state and federal rights, in retaliation for his involvement in his original suit. (Id. ¶ 28.)

Each suit seeks to bring eight causes of action against the named Defendants: (1) violation of civil rights pursuant to 42 U.S.C. § 1983 (Suit 1, ¶¶ 38–42; Suit 2 ¶¶ 24–28; Suit 3 ¶¶ 45–48; Suit 4 ¶¶ 29–33); (2) failure to implement appropriate policies, customs, and practices, in violation of § 1983 (Suit

1 ¶¶ 43–54; Suit 2 ¶¶ 29–35; Suit 3 ¶¶ 49–59; Suit 4 ¶¶ 34–44); (3) use of excessive force, in violation of § 1983 (Suit 1 ¶¶ 55–58; Suit 2 ¶¶ 36–39; Suit 3 ¶¶ 60–63; Suit 4 ¶¶ 45–48); (4) negligence under the Texas Tort Claims act ("TTCA"), Tex. Civ. Prac. & Rem. Code § 101.001 et seq.[2] (Suit 1 ¶¶ 59–61; Suit 2 ¶¶ 40–42; Suit 3 ¶¶ 64–66; Suit 4 ¶¶ 49–51); (5) negligent supervision under the TTCA (Suit 1 ¶¶ 62–66; Suit 2 ¶¶ 43–47; Suit 3 ¶¶ 67–71; Suit 4 ¶¶ 52–56); (6) conspiracy under the TTCA (Suit 1 ¶¶ 67–69; Suit 2 ¶¶ 48–50; Suit 3 ¶¶ 72–74; Suit 4 ¶¶ 57–59); (7) common law assault (Suit 1 ¶¶ 70–74; Suit 2 ¶¶ 51–55; Suit 3 ¶¶ 75–79; Suit 4 ¶¶ 60–64); and (8) official oppression, in violation of Texas Penal Code §§ 38.01–39.06 (Suit 1 ¶¶ 75–76; Suit 2 ¶¶ 56–57; Suit 3 ¶¶ 80–81; Suit 4 ¶¶ 65–66).

In each suit, Mr. Myart seeks compensatory damages between one million and ten million dollars for past and future physical and mental pain and suffering, loss of enjoyment of life, loss of personality, and medical and psychological expenses. (Suit 1 at 12 ¶¶ 3–4; Suit 2 at 18 ¶¶ 1–6; Suit 3 at 27 ¶¶ 1–12; Suit 4 at 18 ¶¶ 1–6.)

Additionally, as of August 17, 2016, Mr. Myart has begun filing identical or nearly identical motions in each of these four suits. Specifically, he

---

[2] Plaintiff alleges claims four, five, and six fall under the "Texas Governmental Tort Liability Act;" in the absence of such an Act, the Court construes his pleadings as being under the TTCA, which determine when a governmental entity such as the City of San Antonio, may be liable for tortious conduct under state law.

filed a motion for entry of a scheduling order, inclusive of court-supervised mediation in two cases.  (5:16–cv–455 Dkt. # 37; 5:16–cv–736 Dkt. # 5.)  He filed a motion for a Temporary Restraining Order in two cases, seeking to shut down the Risk Management System of the City of San Antonio pending a full investigation.  (5:16–cv–455 Dkt. # 38; 5:16–cv–736 Dkt. # 8.)  He filed a motion for court-ordered mediation in three cases.  (5:16–cv–455 Dkt. # 39; 5:16–cv–736 Dkt. # 9; 5:16–cv–819 Dkt. # 4.)  Most recently, on August 30, 2016, Mr. Myart filed identical emergency motions for sanctions, for an immediate hearing, and to compel discovery in each of the four cases.  (5:16–cv–455 Dkt. # 46; 5:16–cv–736 Dkt. # 17; 5:16–cv–819 Dkt. # 9; 5:16-cv–824 Dkt. # 4.)

## ANALYSIS

Federal Rule of Civil Procedure 42(a) provides that if actions "involve a common question of law or fact," the court may "consolidate the actions" or "issue any other order to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).  The decision to consolidate actions under Rule 42(a) is "entirely within the discretion of the district court as it seeks to promote the administration of justice."  Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973).  Here, the Court finds that each matter involves common questions of fact and common issues of law, and should proceed as a single action.  Each case involves allegations of wrongdoing

by the City of San Antonio and its employees, particularly the police, against a single plaintiff: James W. Myart, Jr.

The Court therefore **ORDERS** that the cases be consolidated to avoid unnecessary cost or delay and promote the administration of justice.  The Court designates 5:16–CV–455–DAE as the lead case.  All pending motions will be addressed by a separate order.  Mr. Myart is **DIRECTED** to file a single, consolidated, well-reasoned complaint in the lead case within thirty (30) days of the date of this order.  Should Mr. Myart file any extraneous complaints regarding this matter in this Court, they shall be **STRUCK** from the record.  Furthermore, should Mr. Myart seek to bring any additional cases involving these specific legal issues, he risks the imposition of sanctions.

After Mr. Myart has filed a single, consolidated complaint with this Court, the Court will conduct a case management conference and impose a scheduling order on the parties.  All parties are directed to make any subsequent filings in the lead case.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas. September 2, 2016.

David Alan Ezra
Senior United States Distict Judge